IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN K. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO.  04-869-MJR |
| | ) |
| DONALD N. SNYDER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is a Rule 12(b)(6) motion to dismiss plaintiff's Second Amended Complaint, filed by defendants Brown, Flagg, Jones, Knope, Pierce, Pierson, Snyder, and Walker (Doc. No. 19).  The motion is opposed (Doc. No. 20).[1]

Plaintiff filed this action for damages and other relief pursuant to 42 U.S.C. § 1983, alleging multiple deprivations of his Eighth Amendment right to be free from cruel and unusual punishment during various periods of confinement at Pinckneyville Correctional Center, Danville Correctional Center, Stateville Correctional Center, Big Muddy Correctional Center.  Specifically, plaintiff alleges that these defendants displayed deliberate indifference to his serious need for treatment of medial ailments.

The first step in evaluating the sufficiency of a pleading is to give pro se allegations a liberal interpretation, accept as true all well-pleaded facts, and draw all inferences in favor of the plaintiff. If, so viewed, plaintiff's allegations put the defendants on notice that he is asserting an 8th Amendment claim, and do not rule out the possibility that the defendants violated the applicable

---

[1] The Court commends counsel for well-organized briefs presenting helpful discussions of the issues and relevant authority.

legal standard, the pleading cannot be dismissed. That is, dismissal is proper only if it is "beyond doubt" that plaintiff could prove no set facts consistent with his complaint that would entitle him to relief. *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998).

## I.     Official Capacity Claims

Defendants challenge the Second Amended Complaint on the basis that plaintiff asserts official capacity claims for damages that are barred by the Eleventh Amendment. As plaintiff points out, this argument is premised on a misunderstanding of the Second Amended Complaint. That pleading asserts official capacity claims for injunctive relief against certain officials who may be in a position to provide prospective relief (Doc. No. 18). Because plaintiff is not asserting official capacity claims for damages, this argument is moot.

## II.    Personal Involvement

Defendants Snyder and Walker challenge the individual-capacity damage claims asserted in Counts I and II, claiming that the allegations do not demonstrate that they were personally involved in the alleged Constitutional deprivations. Plaintiff believes his allegations adequately show personal involvement.

In order to recover damages under § 1983, plaintiff must show that these defendants were "personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir.2002). Supervisory officials can be held liable only if they "had some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct." *Id.*

Plaintiff alleges that these defendants established or encouraged policies to (1) deliver only nominal health care to inmates through private health care providers at the lowest possible cost, (2) defer medical judgments to private health care providers, knowing that the providers had a profit

interest that would be served by "cutting corners," (3) habitually deny legitimate grievances regarding the nature and quality of medical services, (4) habitually refuse to independently investigate serious challenges to decisions made by private health care providers, and (5) promote cost-cutting decisions regarding medical services to inmates. Plaintiffs further allege that the defendants knew these policies and practices would violate inmate rights to reasonable access to medical care.

These allegations do not state a § 1983 claim for damages against defendants Snyder and Walker. These defendants violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment if they were deliberately indifferent to plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference occurs when a prison official actually knows of a substantial risk of harm to the health of an inmate and acts or fails to act in disregard to that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The allegations in the Second Amended Complaint do not suggest that these defendants actually knew that plaintiff had painful medical conditions that required treatment. Also, no allegations suggest that they authorized, approved or condoned decisions denying or delaying plaintiff's access to treatment, interfered with prescribed treatment, or provided a course of care knowing that it would be ineffective. Absent such allegations, the Second Amended Complaint fails to state § 1983 claims for damages against these defendants. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000)(dismissing allegations that officials established wrongful policies for lack of personal involvement in Constitutional wrongdoing). The damage claims against defendants Snyder and Walker should be dismissed.

### III.  Statute of Limitations

Defendants Snyder, Pierce, Flagg, Jones, Pierson, Knope, and Brown argue that claims based on medical complaints made prior to November 29, 2002, are barred by the applicable two-year

statutory limitation governing actions for personal injury. Plaintiff argues that these claims are timely, invoking the "continuing violation" doctrine.

The parties agree that the applicable statute of limitations is imported from Illinois' two-year statute of limitations for personal injuries. *Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir.1989). Claims that accrued prior to November 29, 2002, may be asserted if plaintiff can link them to conduct within the statute of limitations through the continuing violation doctrine. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir.1992). Application of the doctrine hinges on a finding that plaintiff's injuries are a consequence of a continuous series of events. *Heard v. Sheahan*, 253 F3d 316, 319 (7th Cir. 2001).

Plaintiff filed this action on November 29, 2004. Some of his damage claims against these defendants are based on the conditions he experienced at Pinckneyville Correctional Center more than two years prior to the date he filed his lawsuit. However, plaintiff alleges that the same conditions causing those injuries continued until he was released from Pinckneyville Correctional Center on about December 6, 2002 (Doc. No. 18, para. 44). That release date falls within the two-year limitations period. Because the allegation of continuing conditions links plaintiff's damage claims for conduct prior to November 29, 2002, to conditions that persisted into the limitations period, the statute or limitations defense should be rejected at this time. If facts revealed in discovery do not support the assertion of a continuous series of events, these defendants may assert their defense in a Rule 56 motion.

### IV.  Deliberate Indifference

Defendants Brown, Flagg, Jones, Knope, Pierce, Pierson, Snyder, and Walker argue that the Second Amended Complaint should be dismissed because the allegations show that plaintiff

received medical care during his confinement, consisting of physician evaluations, consultations with orthopedic and psychiatric specialists, a shoe lift, admission to the Health Care Unit, and prescribed medicine. The defendants suggest that the allegations support an inference that plaintiff's claims are based not on deliberate indifference but mere dissatisfaction with the level of treatment provided. Some of the defendants also argue that they are entitled to rely on the expertise of the physicians who examined plaintiff and made treatment decisions.

A difference of opinion regarding the way in which a medical condition should be treated does violate the Constitution. *Estelle v. Gamble*, 429 U.S. at 104; *Garvin v. Armstrong*, 236 F.3d 896 (7th Cir. 2001). Furthermore, reliance by prison officials on the judgment of medical professionals may insulate some defendants from liability. *Bond v. Aguinaldo*, 228 F.Supp. 2d 918, 920 (N.D. Ill. 2002). However, plaintiff correctly observes that these arguments are fact-based and overlook the standard governing defendants' Rule 12(b)(6) motion. Plaintiff has stated enough facts to place the defendants on notice that he is asserting Eighth Amendment claims. While those allegations reveal some response to plaintiff's medical concerns and some reliance on decisions made by medical professionals, they do not rule out the possibility that plaintiff can prove facts supporting his claims. This aspect of defendants' motion should be rejected.

### V.     Qualified Immunity

Some of the defendants also argue that they have qualified immunity from an award of damages. In order to resolve this issue, the Court first decides whether the conduct described violated a Constitutional right, taking the allegations in the light most favorable to plaintiff. If so, the Court considers whether the right was clearly established in the light of the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Viewing the allegations in the Second Amended Complaint under this standard, the following conduct does not meed the Eighth Amendment standard of deliberate indifference to a serious medical need:

(a). Defendant Pierce's conduct of upholding a decision denying plaintiff's grievance regarding access to a new orthotic shoe, made after an orthopedic specialist evaluated plaintiff's medical condition and reported that new shoes would be requested although plaintiff's previous shoes were adequate. An adverse decision following an ambiguous medical assessment regarding the proper time to replace a worn-out orthotic shoe is not deliberate indifference to a serious medical need.

(b). Defendant Pierce's conduct of refusing to allow plaintiff to use exercise facilities reserved for use by disabled inmates while plaintiff was serving a term of disciplinary segregation. Because this conduct is rationally based on plaintiff's disciplinary status, it does not reflect deliberate indifference to plaintiff's serious medical needs.

(c). Defendant Pierce and Knope's conduct of denying or ignoring grievances regarding a decision to collect nominal co-payments for medical appointments after plaintiff's first grievance challenging the decision to collect a co-payment was resolved. A decision not to re-evaluate concerns that have been addressed does not reflect deliberate indifference to plaintiff's serious medical needs.

Defendants Pierce and Knope are immune from damages for injuries resulting from this conduct, which is described in paragraphs 30, 32, 35 and 36 of the Second Amended Complaint. Other allegations regarding defendants Brown, Flagg, Jones, Knope, Pierce, and Pierson describe Eighth Amendment violations that were clearly established at the. *Estelle*, 429 U.S. at 104.

### VI.   Conclusion

IT IS RECOMMENDED that the motion to dismiss filed by defendants Brown, Flagg, Jones, Knope, Pierce, Pierson, Snyder, and Walker (Doc. No. 19) be GRANTED in part and DENIED in part. Damage claims against defendants Snyder and Walker (pt. of Counts I and II) should be dismissed without prejudice. Damage claims against defendants Pierce and Knope for injuries resulting from the conduct described in paragraphs 30, 32, 35 and 36 of the Second Amended Complaint should be dismissed with prejudice.

SUBMITTED:   __January 20, 2006__ .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**