### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN K. ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 04-cv-0869-MJR |
| | ) | |
| **DONALD N. SNYDER, JR.,** | ) | |
| **ROGER E. WALKER, JR.,** | ) | |
| **HEALTH PROFESSIONALS, LTD.,** | ) | |
| **CHRISTINE MITCHELL BROWN,** | ) | |
| **ROSALINA GONZALES,** | ) | |
| **FRED GARCIA, GUY PIERCE,** | ) | |
| **JULIUS FLAGG, GARY KNOPE,** | ) | |
| **MARK PIERSON, EDWARD JONES,** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **and ADRIAN FEINERMAN, M.D.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

REAGAN, District Judge:

In November 2004, John Adams filed this § 1983 lawsuit asserting that, while he was confined in Illinois correctional facilities, various prison officials were deliberately indifferent to his serious medical needs, in violation of Adams' rights under the Eighth Amendment to the United States Constitution. Adams amended his complaint twice, most recently in May 2005 (Doc. 18). The second amended complaint listed fifteen Defendants. Adams voluntarily dismissed two Defendants (Stanhouse and Holmes) in June 2005 (Doc. 22).

Eight Defendants moved to dismiss the second amended complaint on May 18, 2005 (Doc. 19). That motion comes now before the Court, via Report and Recommendation submitted by United States Magistrate Judge Philip M. Frazier on January 23, 2006 (Doc. 34).

1

Magistrate Judge Frazier recommends that the undersigned District Judge partially grant and partially deny the pending dismissal motion. More specifically (Doc. 34, p. 6), the Report recommends:

> Damage claims against defendants Snyder and Walker (pt. of Counts I and II) should be dismissed without prejudice. Damage claims against defendants Pierce and Knope for injuries resulting from the conduct described in paragraphs 30, 32, 35 and 36 of the Second Amended Complaint should be dismissed with prejudice.

The Report was sent to the parties with a notice directing them to file any objections within ten days of service. Thus, objections were due February 9, 2006. The eight moving Defendants – Brown, Flagg, Jones, Knope, Pierce, Pierson, Snyder, and Walker (hereafter "Movants") timely filed objections (Doc. 35). Thus, the Court must review – *de novo* – the portions of the Report to which specific objection was made. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. P. 72(b); LOCAL RULE 73.1(b);** *Willis v. Caterpillar, Inc.*, **199 F.3d 902, 904 (7th Cir. 1999).**

Movants lodge four specific objections.

First, they maintain that Defendant Snyder should not remain in the case at all now. In other words, they object to the Report to the extent that it did not *completely* dismiss Snyder from this action. In the Report, Magistrate Judge Frazier concluded that Adams failed to state a claim for § 1983 damages against Snyder (the former Director of the Illinois Department of Corrections or "IDOC") and Walker (the current Director of IDOC), because the complaint lacked any allegation that Snyder or Walker was personally involved in the alleged constitutional deprivations.

Adams' claims for damages against Snyder and Walker clearly merit dismissal. Movants, however, seek more. They want Snyder dismissed from the entire *action*. Their argument misses the mark. Here, the recommended dismissal involving Defendants Snyder and Walker (under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, for failure to state a claim) was *without* prejudice. There remains the possibility – albeit remote – that Adams could properly re-allege these damage claims (*i.e.*, if the requisite personal involvement existed). Thus, even though the damage claims against Snyder may be the *only* claims against him in the second amended complaint, Magistrate Judge Frazier properly declined to dismiss Snyder from the action after dismissing those claims. Adams' victory on this front, however, may be short-lived. It appears likely that Snyder's dismissal from the entire action may soon follow, upon appropriate motion.

Second, Movants object to the Report "to the extent that the allegations prior to November 29, 2003 remain in the complaint" (Doc. 35, p. 3). In seeking dismissal, Movants had argued that the applicable two-year statute of limitations bars any claims based on medical complaints made before November 29, 2002.

Section 1983 claims in Illinois are governed by the two-year personal injury limitations period. ***Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005),** *citing **Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004).*** Adams filed his original complaint on November 29, 2004. Thus, as a general rule, the applicable statute of limitations bars any allegations with a date certain predating November 29, 2002.

However, claims that accrued before November 29, 2002 *can* be asserted if Adams can link them to conduct within the limitations period, via the "continuing violation" doctrine. That doctrine allows a plaintiff to obtain relief for a time-barred act of discrimination by linking it with

acts that fall within the statutory limitations.  *See, e.g., Hildebrandt v. Illinois Department of Natural Resources*, **347 F.3d 1014, 1036 n.18 (7th Cir. 2003).**  Adams has alleged enough to survive a Rule 12(b)(6) dismissal motion on this issue.

In the context of such motions, the Court must construe the complaint in the light most favorable to the plaintiff, "taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor."  *Barnes v. Briley*, **420 F.3d 673, 677 (7th Cir. 2005);** *citing Lee v. City of Chicago*, **330 F.3d 456, 459 (7th Cir. 2003).**

Dismissal is appropriate only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id., quoting Conley v. Gibson,* **355 U.S. 41, 45-46 (1957).**  As Magistrate Judge Frazier noted, the pre-November 29, 2002 claims may *not* survive a Rule 56 motion for summary judgment.  But they survive the current Rule 12(b)(6) motion.  Thus the Court rejects Movants' objection as to the statute of limitations.

Next, Movants' object to the Report "to the extent that it denies their motion to dismiss for failure to state a claim for deliberate indifference."  Movants suggest that, although **FEDERAL RULE OF CIVIL PROCEDURE 8(a)** requires only a short and plain statement of the claim, Adams effectively derailed his own case by including, in his second amended complaint, certain "admissions" regarding the medical care he received while incarcerated.

It is true that a plaintiff can "plead himself out of court" by alleging facts that undermine the allegations of the complaint.  *Lekas v. Briley*, **405 F.3d 602, 613-14 (7th Cir. 2005).** *See also Jefferson v. Ambroz*, **90 F.3d 1291, 1296 (7th Cir. 1996)(plaintiff can plead particulars which demonstrate he has no viable claim).**  But careful review of the second amended complaint reveals that Adams has stated sufficient facts to survive Rule 12(b)(6) dismissal, *without* pleading

4

particular facts that undermine his allegations of deliberate indifference and land him outside of this Court. Movants' third objection warrants no relief.

Movants' final objection fares no better. They object to Magistrate Judge Frazier's refusal to grant them qualified immunity on all claims. The doctrine of qualified immunity immunizes defendants from liability, "when the rights they have violated were not clearly established under existing federal law." ***Saucier v. Katz*, 533 U.S. 194, 206 (2001).** For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. ***Hope v. Pelzer*, 536 U.S. 730, 739 (2002).** Stated another way, in light of then-existing law, the unlawfulness of the official's action must be apparent. *Id.*

In the context of the pending Rule 12(b)(6) dismissal motion, the Court takes the allegations in the light most favorable to Plaintiff Adams, and – so construing the complaint – concludes that the conduct described therein does violate a clearly established constitutional right, with several exceptions.

The undersigned District Judge agrees with Magistrate Judge Frazier that the allegations contained in paragraphs 30, 32, 35 and 36 of Adams' second amended complaint do *not* rise to the level of (or support a claim for) deliberate indifference to serious medical needs (*e.g.,* allegations that Defendant Pierce denied Adams access to a new orthotic shoe and allegations that Defendant Knope failed to re-evaluate Adams' concerns regarding co-payments on medical appointments).

Qualified immunity is warranted as to the allegations in these four paragraphs. But the Court does not believe that qualified immunity cloaks *all* of Defendants' alleged actions herein.

5

To summarize, the Court **ADOPTS** in its entirety Magistrate Judge Frazier's January 23, 2006 Report and Recommendation (Doc. 34), and **GRANTS in part** and **DENIES in part** Defendants' Brown, Flagg, Jones, Knope, Pierce, Pierson, Snyder, and Walker's dismissal motion (Doc. 19). The motion is *granted* in that the damage claims against Defendants Snyder and Walker (part of Counts I and II) are dismissed without prejudice. The motion is also granted in that the damage claims against Defendants Pierce and Knope outlined in paragraphs 30, 32, 35 and 36 of the second amended complaint are dismissed with prejudice. The motion is denied in all other respects.

**IT IS SO ORDERED.**

**DATED this 21st day of February, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**